# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 20-845V
Filed: April 25, 2025

| | |
|---|---|
| ANNETTE MOLINA,<br><br>               Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>               Respondent. | Special Master Horner |

*David John Carney*, Green & Schafle LLC, Philadelphia, PA, for petitioner.
*Ryan Daniel Pyles*, U.S. Department of Justice, Washington, DC, for respondent.

### DECISION AWARDING ATTORNEYS' FEES AND COSTS[1]

  On July 13, 2020, petitioner filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. § 300aa-10, *et seq.*[2] ("Vaccine Act"). (ECF No. 1.) Petitioner alleged that she suffered from a Table Injury of shoulder injury related to vaccine administration ("SIRVA") as a result of an influenza ("flu") vaccine she received on October 4, 2018. (*Id.*) On August 15, 2024, the undersigned issued a decision denying entitlement to compensation for petitioner's injury. (ECF No. 54.) On September 20, 2024, petitioner filed a motion seeking an award of attorneys' fees and costs. (ECF No. 58.) Petitioner seeks $90,134.92, including $74,307.00 for attorneys' fees and $15,827.92 for litigation costs. (*Id.* at 3.) Pursuant to General Order No. 9, petitioner certifies that she has not advanced any funds in the prosecution of her claim. (*Id.* at 72.) Respondent did not file any response.

---

[1] Because this document contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). **This means the document will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] Within this decision, all citations to § 300aa will be to the relevant sections of the Vaccine Act at 42 U.S.C. § 300aa-10, *et seq.*

1

The undersigned has reviewed the billing records submitted with petitioner's request. (ECF No. 58, pp. 13-71.) In the undersigned's experience, the request appears reasonable, and the undersigned finds no cause to reduce the requested hours or rates.[3] The costs also appear to be reasonable and sufficiently documented.

The Vaccine Act permits an award of reasonable attorneys' fees and costs. § 300aa-15(e). Based on the reasonableness of petitioner's request, the undersigned **GRANTS** petitioner's motion for attorneys' fees and costs.

**Accordingly, the undersigned awards a lump sum of $90,134.92, representing reimbursement for attorneys' fees and costs, to be paid through an ACH deposit to petitioner's counsel of record, David John Carney's IOLTA account for prompt disbursement.**

The clerk of the court shall enter judgment in accordance herewith.[4]

**IT IS SO ORDERED.**

s/Daniel T. Horner
Daniel T. Horner
Special Master

---

[3] Mr. Carney billed 13.4 hours at a rate of $325 per hour for work performed in 2019, 33.6 hours at a rate of $350 per hour for work performed in 2020, 31.1 hours at a rate of $375 per hour for work performed in 2021, 32.0 hours at a rate of $400 per hour for work performed in 2022, 22.7 hours at a rate of $425 per hour for work performed in 2023, and 10.5 hours at a rate of $450 per hour for work performed in 2024. Mr. Green billed 16.8 hours at a rate of $400 per hour for work performed in 2020-2021 and 26.8 hours at a rate of $425 per hour for work performed in 2022-2023. Additionally, 8.6 hours of paralegal work was billed at a rate of $145 per hour for work performed in 2019-2022. These rates are reasonable and consistent with prior awards. *Tverberg v. Sec'y of Health & Human Servs.*, No. 20-1383V, 2024 WL 4503652, at *2 (Fed. Cl. Spec. Mstr. Aug. 30, 2024); *Cain v. Sec'y of Health & Human Servs.*, No. 19-1917V, 2024 WL 4503647, at * 2 (Fed. Cl. Spec. Mstr. Aug. 30, 2024); *Mouyos v. Sec'y of Health & Human Servs.*, No. 21-2063V, 2024 WL 1956900, at *1 (Fed. Cl. Spec. Mstr. Apr. 2, 2024).

[4] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.